UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**WENDY DRYS**
**24810 Half Pone Point Road**
**Hollywood, Maryland, 20636**

      **Plaintiff,**　　　　　　　　　　　　　　　　　Civil Action No.: 8:21-cv-350

v.

**PRIMECARE MEDICAL, INC.**
**3940 Locust Lane**
**Harrisburg, PA 17109**

      **Defendant.**

---

## COMPLAINT

---

Plaintiff Wendy Drys, for her complaint against PrimeCare Medical Inc., ("PrimeCare"), and respectively avers as follows:

### PARTIES

1. Plaintiff Wendy Drys is a resident of the state of Maryland.

2. Defendant PrimeCare Medical, Inc. is a business principally based in state of Pennsylvania.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

5. The events giving rise to the claims in this action occurred in this judicial district.

6. Plaintiff Wendy Drys has exhausted her administrative remedies with the Maryland Commission on Civil Rights.

## FACTUAL BACKGROUND

7. In November 2015, Wendy Drys was hired by Correct Care Solutions as a nurse practitioner. Correct Care Solutions contracted with the tri-county detention centers (St. Mary's County, Charles County, and Calvert County) in Southern Maryland. Drys was hired to cover all three facilities.

8. Correct Care Solutions lost their contract to PrimeCare in or around 2016. But Drys accepted a position as a nurse practitioner with PrimeCare in or around July 1, 2016. She continued to work for the detention centers in Southern Maryland. Just prior to her termination from PrimeCare, Drys was paid approximately $173,992.00 per year.

9. Drys was diagnosed with cancer in June 2019.

10. Drys notified PrimeCare of her diagnosis in June 2019. Drys advised PrimeCare that she would need to take time off for medical appointments and procedures for treatment.

11. PrimeCare advised Drys to complete FMLA documentation. Drys completed the FMLA forms on or about July10, 2019.

12. Throughout her efforts to get PrimeCare to approve her FMLA request, PrimeCare's management subjected Drys to disability-related discriminatory harassment, in the form of, but not limited to, refusing to approve as well as reimburse her medical leave and restricting access to Plaintiff's gap policy (medical reimbursement plan). Further, PrimeCare made efforts to replace Drys with a non-disabled nurse practioner named Janet Mijere, from June 13, 2019 to on or about December 7, 2019.

13. Drys FMLA request was not approved until October 31, 2019.

14. On the same day that Drys was approved FMLA, she was contacted by PrimeCare's Chief Operating Officer to inform her that Drys' pay would be reduced by 37% or to a salary of

approximately $109,283.00 per year. Despite the reduction in pay, Drys was still expected to work a full-time schedule with PrimeCare.

15. Drys was never counseled about her performance at any time during her employment with PrimeCare. In fact, Drys assisted PrimeCare with recruiting other employees just months prior to the demotion. Drys supervisor also praised her as being one of PrimeCare's best providers. Drys also received a pay raise from $82.01 per hour to $83.65 per hour in or around July 2019. She also received her annual bonus on November 27, 2019.

16. On November 22, 2019, Drys filed a complaint with the Maryland Commission on Civil Rights for workplace discrimination and retaliation.

17. On December 7, 2019, Drys was terminated from PrimeCare.

## CAUSES OF ACTION

### Count 1: Maryland Fair Employment Practices Act
### *Disability Discrimination*

18. Drys incorporates every preceding paragraph as alleged above.

19. Drys was subject to termination because of her disability.

20. WHEREFORE, Drys prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 2: Family Medical Leave Act
### *Retaliation*

21. Drys incorporates every preceding paragraph as alleged above.

22. Defendant by and through, its agents or supervisors, terminated Plaintiff after she requested Family Medical Leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. Sec. 2601.

23. Drys termination is causally related to her request and application for FMLA leave.

24. WHEREFORE, Drys prays for nominal damages; liquidated damages, compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### Count 3: Family Medical Leave Act
### *Interference*

25. Drys incorporates every preceding paragraph as alleged above.

26. Defendant by and through, its agents or supervisors, interfered with Plaintiff's Family Medical Leave pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. Sec. 2601.

27. WHEREFORE, Drys prays for nominal damages; liquidated damages, compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### JURY DEMAND

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: February 11, 2021

By: */s/Ikechukwue Emejuru*
Ikechukwu Emejuru
**Emejuru Law L.L.C.**
8403 Colesville Road
Suite 1100
Silver Spring, MD 20910
Telephone: (240) 638-2786
Facsimile: (240)-250-7923
iemejuru@emejurulaw.com